IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


IVORY JOYNER                                                                                          PLAINTIFF

v.                                                        Case No. 6:15-cv-6107

NEVADA COUNTY                                                                                    DEFENDANTS
ARKANSAS (Hot Spring
County Jail's Sergeants,
Deputies, and Officers) and
HOT SPRINGS COUNTY,
ARKANSAS

# ORDER

Plaintiff, Ivory Joyner, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September 22, 2015 in the Eastern District of Arkansas. ECF No. 2. On October 6, 2015, the case was properly transferred to the Western District of Arkansas. ECF No. 4.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Delta Regional Unit. Plaintiff alleges that, while incarcerated in the Hot Springs County Jail ("HSCJ"), she was denied the opportunity to speak with a medical provider for a painful tooth. ECF No. 2. Plaintiff seeks only injunctive relief. Specifically, she requests to be transferred to a facility where there is an infirmary and nurses, and for the HSCJ to be shut down until they have the correct staff on duty. ECF No. 2, p. 5.

Pursuant to the screening provisions of the PLRA, the claim must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's transfer from the HSCJ to the ADC rendered her Complaint and request for injunctive relief moot.  *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (holding that an inmate's First Amendment claims regarding denial of items to perform religious practices moot once he was transferred from one state penitentiary facility to another state penitentiary facility); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that an inmate's claims regarding prison conditions were moot once the inmate was transferred and no longer subject to those conditions).  Further, the Court does not have the authority to close down and order "correct staff" for the HSCJ.  Therefore, Plaintiff's Complaint should be dismissed as moot.  *See Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (holding that a federal court has no authority to issue opinions on moot questions of law).

Accordingly, the Court finds that Plaintiff's claims against all Defendants should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 13th day of April, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge